File No. 20021-JJO

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VJ COMPOUNDING CORPORATION, d/b/a L. CARLTON MERTZ, CO., an Illinois Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 CV 1738 |
| v. | ) ) | Judge Matthew Kennelly |
| SENECA INSURANCE COMPANY, INC. a subsidiary of SENECA INSURANCE GROUP, INC. a Delaware Corporation, | ) ) ) ) | Magistrate Judge Susan Cox |
| Defendant. | ) | |

## **MOTION FOR LEAVE TO AMEND AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, Seneca Insurance Company, Inc., by and through its attorneys, O'Hagan Spencer LLC, and requests this Honorable Court for leave to Amend its Affirmative Defenses, and in support thereof states as follows:

1. On May 1, 2008, Defendant filed its answer and affirmative defenses to Plaintiff's Complaint. *See,* attached answer and affirmative defenses attached hereto as Exhibit "A".

2. After further review of its file, Defendant's have now determined that it has an additional affirmative defense of fraud.

3. Defendant now seeks leave to amend its affirmative defenses, *Instanter.* Defendant attaches a copy of its amended affirmative defenses hereto as Exhibit "B".

4. No prejudice will be had by any party by allowing Defendant to amend its affirmative defenses.

File No. 20021-JJO

**WHEREFORE** the Defendant, SENECA INSURANCE COMPANY, INC., respectfully requests that this Honorable Court allow Defendant's to file its affirmative defenses, *instanter*.

        Respectfully Submitted:

        **SENECA INSURANCE COMPANY**

        s/     James J. O'Hagan     .
        James J. O'Hagan (ARDC No. 2094754)
        Jamie L. Filipovic (ARDC No. 6278943)
        O'Hagan Spencer, LLC
        One E. Wacker Drive
        Suite 3400
        Chicago, Illinois 60601
        Telephone: (312) 422-6100
        Facsimile: (312) 422-6110
        E-mail: johagan@ohaganspencer.com
        ATTORNEYS FOR DEFENDANT
        SENECA INSURANCE COMPANY, INC.

20021-JJO                                                                                               Case No. 08 CV 1738

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| VJ COMPOUNDING CORPORATION, d/b/a ) <br> L. CARLTON MERTZ, CO., an Illinois ) <br> Corporation, ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> SENECA INSURANCE COMPANY, INC. a ) <br> subsidiary of SENECA INSURANCE GROUP, ) <br> INC. a Delaware Corporation, ) <br>   ) <br> Defendant. ) | Case No. 08 CV 1738 <br><br> Judge Matthew Kennelly <br><br> Magistrate Judge Susan Cox |

**SENECA INSURANCE COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

**NOW COMES** the Defendant, Seneca Insurance Company, Inc., by and through its attorneys, O'Hagan Spencer LLC, and for its Answer to the Complaint filed by Plaintiff, V J Compounding Corporation, Defendant states as follows:

### The Parties

1.  Plaintiff, V J Compounding Corporation, d/b/a L. Carlton Mertz Co. (the "Plaintiff"), is an Illinois corporation duly licensed to do business in the State of Illinois and, until the incidents referenced herein, was conducting business at 6147 West 65th Street, Bedford Park, Illinois, 60636, as a manufacturer of industrial cleaning solutions. Plaintiff maintains it (sic) principal place of business at 9960 W. 191st Street, Unit K, Mokena, Illinois, 60448.

**ANSWER:** This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore, does not admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint, but demands strict proof thereof.

20021-JJO                                                                                                          Case No. 08 CV 1738

     2.     Defendant, Seneca Insurance Company, Inc., a subsidiary for Seneca Insurance Group, Inc. (the "Defendant"), in (sic) a Delaware corporation with its principal place of business located in New York, New York.

**ANSWER:**    **This Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.**

## Jurisdiction and Venue

     3.     The parties are of diverse citizenship.

**ANSWER:**    **This Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.**

     4.     The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

**ANSWER:**    **This Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.**

     5.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

**ANSWER:**    **This Defendant states that the allegations in Paragraph 5 of Plaintiff's Complaint call for a legal conclusion for which no answer is required. To the extent an answer is required; this Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.**

     6.     The claims forming the basis of this Complaint, or a significant portion thereof, arose in that geographical area contained within the federal district known as the Northern District of Illinois. Specifically, the parties in substantial part entered into the insurance agreement which forms the basis of this Complaint in said District, and the covered loss which created Defendant's liability occurred in said District.

**ANSWER:**    **This Defendant states that the Insurance Agreement is a written instrument that speaks for itself, and therefore, this Defendant denies the allegations contained in Paragraph 6 to the extent they are not in accordance with the Agreement. This Defendant has insufficient information to admit or deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint,**

and therefore, does not admit or deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint, but demands strict proof thereof.

### The Policy

7. Defendant issued to Plaintiff Commercial Property Insurance Policy No. ESP 14 024 50 (the "Policy"), effective October 1, 2003, through October 1, 2004. A true and correct copy of the Policy is attached hereto as Exhibit A.

**ANSWER:** This Defendant admits that a true and correct copy of Policy No. ESP 14 024 50 is attached as Exhibit "A" to Plaintiff's Complaint. This Defendant further states that the Insurance Agreement is a written instrument that speaks for itself, and therefore, this Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint to the extent they are not in accordance with the Agreement.

8. At all times relevant hereto, Plaintiff was current on its premium obligations under the Policy.

**ANSWER:** This Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. At all times relevant hereto, Plaintiff satisfied all of its obligations and conditions under the Policy.

**ANSWER:** This Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

### The Roof Collapse

10. On March 5, 2004, the roof of Plaintiff's facility at 6147 West 65th Street in Bedford Park, Illinois (the "Facility"), partially collapsed due to wind and heavy rainfall (the "Roof Collapse").

**ANSWER:** This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore, does not admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint, but demands strict proof thereof.

11. The Roof Collapse is a covered loss under the terms of the Policy.

**ANSWER:** **This Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.**

## The Claim

12.     As a direct and proximate result of the Roof Collapse, Plaintiff incurred the following losses: (1) structural damage to the Facility, which Plaintiff owned; (2) loss of inventory located at the Facility; (3) business interruption with resultant loss; and (4) loss of business due to Defendant's failure and refusal to pay the amounts provided under the Policy.

**ANSWER:** **This Defendant denies Plaintiff's allegations contained in Paragraph 12 of Plaintiff's Complaint regarding loss of business due to Defendant's failure and refusal to pay the amounts provided under the Policy. This Defendant has insufficient information to admit or deny the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore, does not admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, but demands strict proof thereof.**

13.     Plaintiff notified Defendant of the Roof Collapse immediately upon its occurrence. Plaintiff notified Defendant through Defendant's local agent, Richard T. Scodro.

**ANSWER:** **This Defendant admits that Plaintiff notified Defendant through Defendant's local agent, Richard T. Scodro. This Defendant has insufficient information to admit or deny the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint, and therefore, does not admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint, but demands strict proof thereof.**

14.     Plaintiff submitted to Defendant a sworn statement of loss not later than April 1, 2004.

**ANSWER:** **This Defendant denies that Plaintiff submitted a proper proof of loss.**

15.     Plaintiff has supplied all information reasonably requested by Defendant.

**ANSWER:** **This Defendant denies the allegations contained in Paragraph of 15 of Plaintiff's Complaint.**

16.     Plaintiff has supplied Defendant with thousands of pages of documents requested by Defendant to support its claim, often resubmitting the same documentation two or three times.

**ANSWER:**   **This Defendant admits that Plaintiff has supplied Defendant with thousands of pages of documents often resubmitting the same documentation two or three times. This Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.**

17.    Plaintiff, through its president and owner Vishnu Gor ("Mr. Gor"), has had numerous meetings with Gregory A. Crapanzano ("Mr. Crapanzano") and other representatives of Defendant.

**ANSWER:**   **This Defendant admits the allegations contained in Paragraph 17 of Plaintiff's Complaint.**

18.    Mr. Gor has undergone two days of sworn deposition testimony at the request of Defendant.

**ANSWER:**   **This Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.**

19.    Defendant has paid Plaintiff not more than $150,000 as a result of the Roof Collapse, which is a small fraction of Plaintiff's covered loss under the Policy.

**ANSWER:**   **This Defendant admits that it has paid Plaintiff not more than $150,000 as a result of the Roof Collapse. This Defendant denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.**

20.    As a result of Defendant's wrongful refusal to pay the amount due under the Policy, Plaintiff was forced out of business with resulting and substantial additional loss.

**ANSWER:**   **This Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.**

### The Denial Letter

21.    In a letter dated March 12, 2007, signed by Mr. Crapanzano (the "Denial Letter"), Defendant advised Plaintiff that Defendant does "hereby deny coverage" under the Policy. A true and correct copy of the Denial Letter, as received by Plaintiff, is attached hereto as Exhibit B.

**ANSWER:** **This Defendant admits that a true and correct copy of the Denial Letter is attached hereto as Exhibit "B" to Plaintiff's Complaint. This Defendant further states that the Denial Letter is a written instrument that speaks for itself, and therefore, this Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint to the extent they are not in accordance with the Denial Letter.**

22. In the Denial Letter, Defendant states as the basis for its denial as follows: "[Plaintiff] has violated the foregoing provisions of the Policy by failing to give costs, values and amounts of the losses claimed; provide books and records for examination; provide a proof of loss containing information requested to investigate the claim; return signed examination answers; and cooperate in the investigation of the claim." These statements are false.

**ANSWER:** **This Defendant states that the Denial Letter is a written instrument that speaks for itself, and therefore, this Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint to the extent they are not in accordance with the Denial Letter. This Defendant denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.**

23. Also in the Denial Letter, which is dated two years and one week after the date of the Roof Collapse, Defendant cites a provision of the Policy stating that, "[N]o one may bring a legal action against ("Defendant") under this Covered Part unless … the action is brought within two years after the date on which the direct physical loss or damage occurred," and then states that "legal against [Defendant] is precluded because … the time to file suit has expired."

**ANSWER:** **This Defendant states that the Denial Letter is a written instrument that speaks for itself, and therefore, this Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint to the extent they are not in accordance with the Denial Letter.**

24. Defendant's claim of untimely filing of the instant action is false. Specifically, the Illinois Insurance Code, 215 ILCS 5/143.1, provides that any period of limitations in a policy such as the Policy is tolled from the date proof of loss is filed until the date the claim is denied in whole or in part.

20021-JJO                                                                                           Case No. 08 CV 1738

**ANSWER:** This Defendant states that the Illinois Insurance Code, 215 ILCS 5/143.1 is a written document that speaks for itself, and therefore, this Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint to the extent they are not in accordance with the Code. This Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.  Plaintiff demands trial by jury.

**ANSWER:** This Defendant makes no response to Paragraph 25 of Plaintiff's Complaint as no response is required.

**WHEREFORE** the Defendant, SENECA INSURANCE COMPANY, INC., respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice and with costs, and/or such further relief as this Court deems just.

## AFFIRMATIVE DEFENSES

1.  Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

2.  Plaintiff did not and has not satisfied the Conditions of the Policy No. ESP 14 024 50, including, but not limited to, providing Defendant with proper documentation and a proper proof of loss as required by the Policy.

s/        James J. O'Hagan                .
James J. O'Hagan (ARDC No. 2094754)
Jamie L. Filipovic (ARDC No. 6278943)
O'Hagan Spencer, LLC
One E. Wacker Drive
Suite 3400
Chicago, Illinois  60601
Telephone: (312) 422-6100
Facsimile:  (312) 422-6110
E-mail: johagan@ohaganspencer.com

ATTORNEYS FOR DEFENDANT
SENECA INSURANCE COMPANY, INC.

20021-JJO                                                                                               Case No. 08 CV 1738

# CERTIFICATE OF SERVICE

    I hereby certify that on May 5, 2008, a copy of foregoing Defendant's, **Seneca Insurance Company, Inc.'s Answer to Plaintiff's Complaint,** was filed electronically and served by e-mail to all parties as shown on the attached Service List by operation of the Court's electronic filing on this 5th day of May, 2008. Parties may access this filing through the Court's CM/ECF System.

    /s/ James J. O'Hagan
    Attorney for Defendants

    James J. O'Hagan (ARDC No. 2094754)
    Jamie L. Filipovic (ARDC No. 6278943)
    O'Hagan Spencer LLC
    One E. Wacker Drive
    Suite 3400
    Chicago, Illinois  60601
    Telephone: (312) 422-6100
    Facsimile:  (312) 422-6110

# SERVICE LIST

**Attorney for Plaintiff**
Timothy S. Harris
Reed Smith LLP
10 S. Wacker Dr., Ste. 4000
Chicago, IL 60606
PH:  (312) 207-2420
FX:  (312) 207-6400
tharris@reedsmith.com

File No. 20021-JJO                                                                                       Case No. 08 C 1738

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| VJ COMPOUNDING CORPORATION, d/b/a L. CARLTON MERTZ, CO., an Illinois Corporation,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>SENECA INSURANCE COMPANY, INC. a subsidiary of SENECA INSURANCE GROUP, INC. a Delaware Corporation,  )<br>)<br>)<br>)<br>Defendant.  ) | Case No. 08 CV 1738<br><br>Judge Matthew Kennelly<br><br>Magistrate Judge Susan Cox |

## DEFENDANT'S AMENDED AFFIRMATIVE DEFENSES

NOW COMES the Defendant, Seneca Insurance Company, Inc., by and through its attorneys, O'Hagan Spencer LLC, for its Amended Affirmative Defenses to the Plaintiff's Complaint at Law, states as follows:

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

2. Plaintiff did not and has not satisfied the Conditions of the Policy No. ESP 14 024 50, including, but not limited to, providing Defendant with proper documentation and a proper proof of loss as required by the Policy.

3. Plaintiff has knowingly submitted fraudulent claims, and has submitted documentation and checks to Defendant to support his fraudulent claim.

File No. 20021-JJO                                                                                              Case No. 08 C 1738

**WHEREFORE** the Defendant, SENECA INSURANCE COMPANY, INC., respectfully requests that this Honorable Court enter an Order in its favor and against the Plaintiff, VJ COMPOUNDING CORPORATION, d/b/a L. CARLTON MERTZ, CO., an Illinois Corporation, denying and dismissing its Complaint at Law.

Dated: May 21, 2008

                                                Respectfully Submitted:

                                                **SENECA INSURANCE COMPANY**

                                                By:   s/         James J. O'Hagan                    .
                                                James J. O'Hagan (ARDC No. 2094754)
                                                Jamie L. Filipovic (ARDC No. 6278943)
                                                O'Hagan Spencer, LLC
                                                One E. Wacker Drive
                                                Suite 3400
                                                Chicago, Illinois  60601
                                                Telephone: (312) 422-6100
                                                Facsimile:  (312) 422-6110
                                                E-mail: johagan@ohaganspencer.com
                                                ATTORNEYS FOR DEFENDANT
                                                SENECA INSURANCE COMPANY, INC.