File No. 20021-JJO                                              Case No. 08 C 1738

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VJ COMPOUNDING CORPORATION, d/b/a L. CARLTON MERTZ, CO., an Illinois Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 CV 1738 |
| v. | ) ) | Judge Matthew Kennelly |
| SENECA INSURANCE COMPANY, INC. a subsidiary of SENECA INSURANCE GROUP, INC. a Delaware Corporation, | ) ) ) ) | Magistrate Judge Susan Cox |
| Defendant. | ) | |

## DEFENDANT'S AMENDED AFFIRMATIVE DEFENSES

NOW COMES the Defendant, Seneca Insurance Company, Inc., by and through its attorneys, O'Hagan Spencer LLC, for its Amended Affirmative Defenses to the Plaintiff's Complaint at Law, states as follows:

## AMENDED AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted in Illinois for the following:

    a. There is no claim for bad faith tort action under the Illinois common law and/or 215 ILCS 5/155.

    b. 'Going out of business' is not a covered loss under the Policy;

    c. There are no damages claimed in excess of the amount paid to date by Insurer, which is not more than $150,000.

2. Plaintiff did not and has not satisfied the Conditions of the Policy No. ESP 14 024 50, including, but not limited to, The Common Policy Conditions Form contained in the Policy, which provides, in pertinent part, that:

File No. 20021-JJO                                                                                               Case No. 08 C 1738

All Coverage Parts included in this policy are subject to the following conditions.

* * *

**C.  Examination Of Your Books And Records**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

The Building and Personal Property Coverage Form contained in the Policy provides, in pertinent part, that:

**E.  LOSS CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

* * *

**3.      Duties In The Event Of Loss Or Damage**

**a.**     You must see that the following are done in the event of loss or damage to Covered Property:

* * *

**(5)**    At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

**(6)**    As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

**(7)**    Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request.

>           We will supply you with the necessary forms.
>
> **(8)**   Cooperate with us in the investigation or settlement of the claim.
>
> **b.**    We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records.

The Policy's Business Income (And Extra Expense) Coverage Form, provides, in pertinent part, that:

\*   \*   \*

> **C. Loss Conditions**
>
> The following conditions in addition to the Common Policy Conditions and the Commercial Property Conditions
>
> \*   \*   \*
>
> **2. Duties In The Event Of Loss**
>
> **a.** You must see that the following are done in the event of loss:
>
> \*   \*   \*
>
> **(5)** As often as may be reasonably required, permit us to inspect the          property proving the loss or damage and examine your books and records.
>
> Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.
>
> **(6)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.
>
> **(7)** Cooperate with us in the investigation or settlement of the claim.
>
> \*   \*   \*

File No. 20021-JJO                                                                    Case No. 08 C 1738

      **b.** We may examine any insured under oath, while not in the presence of any other insured and as such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

VJ Compounding has violated the foregoing provisions of the Policy by failing to give costs, values and amounts of the losses claimed; provide books and records for examination; provide a proof of loss containing information requested to investigate the claim; return signed examination answers; and cooperate in the investigation of the claim.

    3. The roof collapse was caused by obvious rust and decay of which the Insured had prior notice and failed to maintain. Plaintiff made prior attempts to repair the roof, but the repairs were not done in the areas where the collapse occurred. Such rust and decay is excluded from coverage by the Policy, which states:

B. Exclusions

    2. We will not pay for loss or damage caused by or resulting from any of the following:

      d. (1) wear and tear;
          (2) Rust and other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

    4. Plaintiff has knowingly submitted fraudulent claims with intent to defraud Seneca, and has submitted documentation and checks to Defendant to support his fraudulent claim, and/or was otherwise fraudulent in the following ways:

      a. The insured submitted $15,500 for eyewash for the temporary location, but no evidence that eye wash was in original location and/or was lost in the roof collapse.

      b. The insured submitted claims for fixing the sump pump and drains, but admitted at his March 9, 2005 Examination Under Oath that the sewer was plugged before the loss and was full prior to the loss.

      c. The insured submitted loss for thousands of dollars in lost goods

    and inventory, but was unable to substantiate that lost goods submitted were damaged in the roof collapse and some claimed lost goods were not in area where loss occurred.

  d. The insured submitted claims for electrical work, which he admitted at his March 9, 2005 EUO was not a part of the loss and had already made a prior insurance claim for the electrical breakdown.

  e. The insured submitted claims for AT & T phone bills, which he admitted at his March 9, 2005 EUO was not a part of the loss.

  f. The Insured submitted three separate proofs of losses, attached as Group Exhibit A are exhibits 100, 102 and 103, all of which claimed different amounts for the loss.

  g. The insured submitted claims with checks to Rudy Milo without supporting documentation for all amounts paid to Milo and could not be specific about over $18,000 paid to Milo and submitted as claims.

  h. The Insured submitted bills from Beaver Oil for removal of totes of liquid as part of its claim, but admitted at his March 10, 2005 EUO that the totes of liquid existed prior to the loss.

  i. The Insured submitted claims for tires for the Caterpillar, but testified at his March 10, 2005 EUO that he could not say the tires were damages in the loss.

  j. The Insured submitted as part of claim, 35 pounds of material in Silo and removal and replacement of Silo without documentation of material and costs of material in Silo at time of loss and failure to acknowledge that if Silo cleaned out, there was no need to submit a claim to replace Silo.

  k. Submitted claims for total work done by contractor to fix the roof, William H Cooper, which includes water leaks and other roof repairs unrelated to the loss.

  l. The insured submitted numerous checks allegedly paid to William H Cooper without supporting invoices, some of which had never been cashed by William H Cooper.

  m. The insured submitted numerous checks written to cash and to Vishnu Gor, which are unsubstantiated and unsupported by invoice or other explanation of what payments for.

File No. 20021-JJO                                                              Case No. 08 C 1738

**WHEREFORE** the Defendant, SENECA INSURANCE COMPANY, INC., respectfully requests that this Honorable Court enter an Order in its favor and against the Plaintiff, VJ COMPOUNDING CORPORATION, d/b/a L. CARLTON MERTZ, CO., an Illinois Corporation, denying and dismissing its Complaint at Law.

Dated: June ____, 2008

           Respectfully Submitted:

           **SENECA INSURANCE COMPANY**

           By:  s/          James J. O'Hagan                .
           James J. O'Hagan (ARDC No. 2094754)
           Jamie L. Filipovic (ARDC No. 6278943)
           O'Hagan Spencer, LLC
           One E. Wacker Drive
           Suite 3400
           Chicago, Illinois  60601
           Telephone: (312) 422-6100
           Facsimile:  (312) 422-6110
           E-mail: johagan@ohaganspencer.com
           ATTORNEYS FOR DEFENDANT
           SENECA INSURANCE COMPANY, INC.

# GROUP EXHIBIT A

Case 1:08-cv-01738    Document 17-2    Filed 06/13/2008    Page 1 of 5

EXHIBIT 100
5/8/06

# SWORN STATEMENT IN PROOF OF LOSS

$ 2,500,000
AMOUNT OF POLICY AT TIME OF LOSS

POLICY NUMBER: ESP 14 024 50

DATE ISSUED: Oct. 1, 2003

AGENCY AT: RBN & Assoc.

DATE EXPIRES: Oct. 1, 2004

AGENT: Richard T. Scodro

To the **Seneca Insurance Company, Inc.**
of **New York, New York**

At time of loss, by the above indicated policy of insurance you insured **VJ Compounding d/b/a L. Carlton Mertz Co.**

against loss by **"Special Form," see policy** to the property described under Schedule "A," according to the terms and conditions of the said policy and all forms, endorsements, transfers and assignments attached thereto.

1. **Time and Origin:** A **property damage and business income** loss occurred about the hour of **4:30** o'clock **A.** M., on the **5** day of **March** **2003**. The cause and origin of the said loss were: **partial roof collapse leading to water damage** (STATE KIND: extra expense)

2. **Occupancy:** The building described, or containing the property described, was occupied at the time of loss as follows, and for no other purpose whatever: **contract packaging operations**

3. **Title and Interest:** At the time of the loss the interest of your insured in the property described therein was **lessee**. No other person or persons had any interest therein or incumbrance thereon, except: **Ravi Corporation, as lessor**

4. **Changes:** Since the said policy was issued there has been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure of the property described, except: **contract packaging operations ceased on November 30, 2004.**

5. **Total Insurance:** The total amount of insurance upon the property described by this policy was, at the time of the loss, $ **2,500,000** as more particularly specified in the apportionment attached under Schedule "C," besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

6. The Actual Cash Value of said property at the time of the loss was .......... $ _____

7. The Whole Loss and Damage was .......... $ **2,100,000.00**

8. Less Amount of Deductible .......... $ **5,000.00**

9. The Amount Claimed under the above numbered policy is .......... $ **1,666,000.00**

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of **ILLINOIS**

County of **DUPAGE**

Subscribed and sworn to before me this **7th** day of **DECEMBER** 20 **05**

_Cathy S. Brown_ — Notary Public

VJ Compounding d/b/a L. Carlton Me
BY: _Vishnu Gov_ Insured

"OFFICIAL SEAL"
CATHY S. BROWN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6/13/2009

"Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime."

(OVER)

## SWORN STATEMENT IN PROOF OF LOSS

$ 2,500,000
AMOUNT OF POLICY AT TIME OF LOSS

ESP 14 024 50
POLICY NUMBER

Oct. 1, 2003
DATE ISSUED

RBN & Ass.
AGENCY AT

Oct. 1, 2004
DATE EXPIRES

RICHARD T. SCODRO
AGENT

To the _SENECA INSURANCE CO. INC. NEW YORK, N.Y._
of

At time of loss, by the above Indicated policy of insurance you insured
VJ Compounding DBA L. Carlton Mertz Co.

against loss by "SPECIAL FORM SEE POLICY" to the property described under Schedule "A," according to the terms and conditions of the said policy and all forms, endorsements, transfers and assignments attached thereto.

1. Time and Origin: A PROP. DAMAGE BUS. Income Loss + extra expenses loss occurred about the hour of _6_ o'clock _A_ M.
on the _5_ day of _2004_. The cause and origin of the said loss were: _Partial Roof Collapse Leading To Water Damages_

2. Occupancy: The building described, or containing the property described, was occupied at the time of loss as follows, and for no other purpose whatever:
CONTRACT PACKAGING OPERATIONS

3. Title and Interest: At the time of the loss the interest of your insured in the property described therein was _Lessee_
No other person or persons had any interest therein or incumbrance thereon,
except: RAVI CORP. TITLE OF Lessor

4. Changes: Since the said policy was issued there has been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure of the property described, except _CONTRACT PACKAGING OPERATIONS CEASED ON_
_Oct. 1, 2004 Nov. 30, 2004_

5. Total Insurance: The total amount of insurance upon the property described by this policy was, at the time of the loss, $ _2,500,000_ as more particularly specified in the apportionment attached under Schedule "C," besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

6. The Actual Cash Value of said property at the time of the loss was ........................ $ TO BE DETERMINE

7. The Whole Loss and Damage was _TO DATE_ ........................ $ 1,094,751

8. Less Amount of Deductible ........................ $ 5,000

9. The Amount Claimed under the above numbered policy is _TO DATE_ ........................ $ 1,089,751

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of _Ill._
County of _Cook_

L. Carlton Mertz Co.
BY: _[signature]_ Insured

Subscribed and sworn to before me this _8th_ day of _December_ 20 _04_
_Karen Kernbauer_
Notary Public

"OFFICIAL SEAL"
KAREN KERNBAUER
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 05/15/2008

(OVER)

"Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which..."

EXHIBIT
102
5/8/06

**EXHIBIT 103**

## SWORN STATEMENT IN PROOF OF LOSS

$ __2,500,000.00__
AMOUNT OF POLICY AT TIME OF LOSS

__10/01/2003__
DATE ISSUED

__10/01/2004__
DATE EXPIRES

**SENECA INSURANCE COMPANY, INC.**
**160 WATER STREET, 16TH FLOOR**
**NEW YORK, NY 10038**
Claim #:   __4CCN031__

ESP 14 024 50
POLICY NUMBER

Chicago, IL
AGENCY AT

Travis-Pedersen
AGENT

To the __Seneca Insurance Company__
of __160 Water Street, NY, NY 10038__
At time of loss, by the above indicated policy of insurance you insured __VJ Compounding, Inc d/b/a L. Carlton Mertz. Co., and Ravi Co__
__6147 West 65th Street, Chicago, Il 60638__
against loss by __Collapse__ to the property described under Schedule "A," according to the terms and conditions of the said policy and all forms, endorsements, transfers and assignments attached thereto.

1. **Time and Origin:** A __Collapse__ loss occurred about the hour of ____ o'clock ____ M., on the __03__ day of __March__ __2004__. The cause and origin of the said loss were: __Collapse__
   STATE KIND

2. **Occupancy:** The building described, or containing the property described, was occupied at the time of loss as follows, and for no other purpose whatever:
   __Manufacturing Facility__

3. **Title and Interest:** At the time of the loss the interest of your insured in the property described therein was __Owner__ No other person or persons had any interest therein or incumbrance thereon, except __None__

4. **Changes:** Since the said policy was issued there has been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure of the property described, except __None__

5. **Total Insurance:** The total amount of insurance upon the property described by this policy was, at the time of the loss, $ __2,500,000.00__ as more particularly specified in the apportionment attached under Schedule "C," besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

6. **The Actual Cash Value** of said property at the time of the loss was                                                    $ _____

7. **The Whole Loss and Damage** was                                                                                         $ _____

8. **Less Amount of Deductible**                                                                                              $ _____

9. **The Amount Claimed** under the above numbered policy is  __Advance for building shoring and stabilization__  $ __15,000.00__

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of _____

County of _____

Subscribed and sworn to before me this _____ day of _____ 20 ____

*[signature: Vishnu Gor]*

BY: __VISHNU GOR   4/01/04__  Insured

Notary Public

*[witnessed by Gregory A. Craponcaio]*

"Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime."

(OVER)

## SWORN STATEMENT IN PROOF OF LOSS

$ 2,500,000.00
AMOUNT OF POLICY AT TIME OF LOSS

10/01/2003
DATE ISSUED

10/01/2004
DATE EXPIRES

SENECA INSURANCE COMPANY, INC.
160 WATER STREET, 16TH FLOOR
NEW YORK, NY 10038
Claim #:

4CCN031

ESP 14 024 50
POLICY NUMBER

Chicago, IL
AGENCY AT

Travis-Pedersen
AGENT

To the   Seneca Insurance Company
of   160 Water Street, NY, NY 10038
At time of loss, by the above indicated policy of insurance you insured

VJ Compounding, Inc d/b/a L. Carlton Mertz. Co., and Ravi Cor

against loss by   Collapse                                    6147 West 65th Street, Chicago, Il 60638
to the property described under Schedule "A," according to the terms and conditions of the said policy and all forms, endorsements, transfers and assignments attached thereto.

1. **Time and Origin:** A   Collapse   loss occurred about the hour of ____ o'clock ____ M.,
STATE KIND
on the  03  day of  March  2004 . The cause and origin of the said loss were:   Collapse

2. **Occupancy:** The building described, or containing the property described, was occupied at the time of loss as follows, and for no other purpose whatever:

Manufacturing Facility

3. **Title and Interest:** At the time of the loss the interest of your insured in the property described therein was
Owner                                    No other person or persons had any interest therein or incumbrance thereon,
except:   None

4. **Changes:** Since the said policy was issued there has been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure of the property described, except:   None

5. **Total Insurance:** The total amount of insurance upon the property described by this policy was, at the time of the loss, $ 2,500,000.00
as more particularly specified in the apportionment attached under Schedule "C," besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

6. The Actual Cash Value of said property at the time of the loss was ..................... $ _____

7. The Whole Loss and Damage was ..................... $ _____

8. Less Amount of Deductible ..................... $ _____

9. The Amount Claimed under the above numbered policy is   Advance payment for BI & EE Loss   $ 50,000.00

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of _____

County of _____

Subscribed and sworn to before me this ____ day of _____ 20 ____

Notary Public

*Vishnu Gor*

BY: VISHNU GOR 4/01/04  Insured

Witnessed by Gregory A. Crapanzano

"Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime."

(OVER)