File No. 20021-JJO

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| VJ COMPOUNDING CORPORATION, d/b/a L. CARLTON MERTZ, CO., an Illinois Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 CV 1738 |
| v. | ) ) | Judge Matthew Kennelly |
| SENECA INSURANCE COMPANY, INC. a subsidiary of SENECA INSURANCE GROUP, INC. a Delaware Corporation, | ) ) ) ) | Magistrate Judge Susan Cox |
| Defendant. | ) | |

### MOTION FOR LEAVE TO WITHDRAW ITS ANSWER TO PLAINTIFF'S COMPLAINT, WITHDRAW ITS ANSWER TO REQUEST TO ADMIT NUMBER 32 AND FILE ITS AMENDED ANSWER TO REQUEST TO ADMIT 32, FILE ITS AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND AMENDED AFFIRMATIVE DEFENSES

NOW COMES the Defendant, Seneca Insurance Company, Inc., by and through its attorneys, O'Hagan Spencer LLC, respectfully request that this Court enter an Order withdrawing its Answer to Plaintiff's Complaint and its Answer to Request to Admit No. 32 and granting it leave to file an Amended Answer to Request to Admit 32, Amended Answer to Plaintiff's Complaint and Amended Affirmative Defenses, *instanter*. In support, the Defendant states:

1.    On May 1, 2008, Defendant filed its Answer to Plaintiff's Complaint. *See,* Answer attached hereto as Exhibit "A".

2.    In responding to Plaintiff's Requests to Admit, Interrogatories and Requests for Production and review of thousands of documents in answering the same, Defendant has learned that the roof collapse at issue in this matter is not a covered

File No. 20021-JJO

loss under the Policy.

3.    Defendant now seeks leave to withdraw its Answer and file an Amended Answer to Plaintiff's Complaint to deny Paragraph 11 of the Complaint to clarify that the roof collapse is not a covered loss based on various inspection reports and correspondence from the Plaintiff's contractors in remedying the roof collapse.

4.    The denial of Paragraph 11 is synonymous with Defendant's Answers to Plaintiff's Request to Admit, which were served on Plaintiff on June 6, 2008. *See*, Answers to Requests to Admit attached as Exhibit "B".

5.    Furthermore, Defendant seeks leave to Amend its Answer to Paragraph 18 of Plaintiff's Complaint because Vishnu Gor provided three days of Examinations Under Oath ("EUO") – not two as stated in Paragraph 18 of Plaintiff's Complaint. Specifically, Plaintiff had examinations under oath on March 9, 2004, March 10, 2004 and May 8, 2006.

6.    Finally, Defendant seeks leave to  Amend its Answer to Paragraph 19 of Plaintiff's Complaint and its Amend Defendant's Answer to Plaintiff's Request to Admit No. 32, because Defendant has paid Plaintiff a total amount of $154,834 and the Answer to Plaintiff's Complaint and Request to Admit No. 32 state that Defendant has not paid more than $150,000 to Plaintiff.

7.    The Defendant, by the present Motion, also seeks to Amend its Affirmative Defenses and add the Affirmative Defense that Plaintiff failed to mitigate damages, as required by the Insurance Policy.  Again, after review of the numerous documents in answering discovery, Defendant has discovered that failure to mitigate damages is an additional affirmative defense available to

File No. 20021-JJO

Defendant under the Policy.

WHERFORE, the Defendant, Seneca Insurance Company, Inc., requests that this Court enter an Order granting withdrawal of Defendant's Answer to Plaintiff's Complaint and withdrawal of Defendant's Answers to Requests to Admit No. 32 and granting Defendant leave to file an Amended Answer, Amended Affirmative Defenses and Amended Answer to Request to Admit number 32, *instanter.*

Respectfully Submitted:

**SENECA INSURANCE COMPANY**

s/      James J. O'Hagan            .
James J. O'Hagan (ARDC No. 2094754)
Jamie L. Filipovic (ARDC No. 6278943)
O'Hagan Spencer, LLC
One E. Wacker Drive
Suite 3400
Chicago, Illinois  60601
Telephone: (312) 422-6100
Facsimile:  (312) 422-6110
E-mail: johagan@ohaganspencer.com
ATTORNEYS FOR DEFENDANT
SENECA INSURANCE COMPANY, INC.

# EXHIBIT A

20021-JJO                                                Case No. 08 CV 1738

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VJ COMPOUNDING CORPORATION, d/b/a L. CARLTON MERTZ, CO., an Illinois Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.  08 CV 1738 |
| v. | ) ) | Judge Matthew Kennelly |
| SENECA INSURANCE COMPANY, INC. a subsidiary of SENECA INSURANCE GROUP, INC. a Delaware Corporation, | ) ) ) ) | Magistrate Judge Susan Cox |
| Defendant. | ) ) | |

### SENECA INSURANCE COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**NOW COMES** the Defendant, Seneca Insurance Company, Inc., by and through its attorneys, O'Hagan Spencer LLC, and for its Answer to the Complaint filed by Plaintiff, V J Compounding Corporation, Defendant states as follows:

### The Parties

1.      Plaintiff, V J Compounding Corporation, d/b/a L. Carlton Mertz Co. (the "Plaintiff"), is an Illinois corporation duly licensed to do business in the State of Illinois and, until the incidents referenced herein, was conducting business at 6147 West 65th Street, Bedford Park, Illinois, 60636, as a manufacturer of industrial cleaning solutions.  Plaintiff maintains it (sic) principal place of business at 9960 W. 191st Street, Unit K, Mokena, Illinois, 60448.

**ANSWER:**     **This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore, does not admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint, but demands strict proof thereof.**

20021-JJO                                               Case No. 08 CV 1738

    2.     Defendant, Seneca Insurance Company, Inc., a subsidiary for Seneca Insurance

Group, Inc. (the "Defendant"), in (sic) a Delaware corporation with its principal place of

business located in New York, New York.

**ANSWER:**    **This Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.**

### Jurisdiction and Venue

    3.     The parties are of diverse citizenship.

**ANSWER:**    **This Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.**

    4.     The amount in controversy exceeds the sum of $75,000.00 exclusive of interest

and costs.

**ANSWER:**    **This Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.**

    5.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

**ANSWER:**    **This Defendant states that the allegations in Paragraph 5 of Plaintiff's Complaint call for a legal conclusion for which no answer is required. To the extent an answer is required; this Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.**

    6.     The claims forming the basis of this Complaint, or a significant portion thereof,

arose in that geographical area contained within the federal district known as the Northern

District of Illinois.   Specifically, the parties in substantial part entered into the insurance

agreement which forms the basis of this Complaint in said District, and the covered loss which

created Defendant's liability occurred in said District.

**ANSWER:**    **This Defendant states that the Insurance Agreement is a written instrument that speaks for itself, and therefore, this Defendant denies the allegations contained in Paragraph 6 to the extent they are not in accordance with the Agreement. This Defendant has insufficient information to admit or deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint,**

20021-JJO                                                        Case No. 08 CV 1738

and therefore, does not admit or deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint, but demands strict proof thereof.

### The Policy

7.    Defendant issued to Plaintiff Commercial Property Insurance Policy No. ESP 14 024 50 (the "Policy"), effective October 1, 2003, through October 1, 2004. A true and correct copy of the Policy is attached hereto as Exhibit A.

**ANSWER:    This Defendant admits that a true and correct copy of Policy No. ESP 14 024 50 is attached as Exhibit "A" to Plaintiff's Complaint. This Defendant further states that the Insurance Agreement is a written instrument that speaks for itself, and therefore, this Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint to the extent they are not in accordance with the Agreement.**

8.    At all times relevant hereto, Plaintiff was current on its premium obligations under the Policy.

**ANSWER:    This Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.**

9.    At all times relevant hereto, Plaintiff satisfied all of its obligations and conditions under the Policy.

**ANSWER:    This Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.**

### The Roof Collapse

10.    On March 5, 2004, the roof of Plaintiff's facility at 6147 West 65th Street in Bedford Park, Illinois (the "Facility"), partially collapsed due to wind and heavy rainfall (the "Roof Collapse").

**ANSWER:    This Defendant has insufficient information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore, does not admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint, but demands strict proof thereof.**

11.    The Roof Collapse is a covered loss under the terms of the Policy.

Case 1:08-cv-01738    Document 12    Filed 05/05/2008    Page 4 of 8

20021-JJO                                                Case No. 08 CV 1738

**ANSWER:    This Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.**
**The Claim**

12.    As a direct and proximate result of the Roof Collapse, Plaintiff incurred the following losses: (1) structural damage to the Facility, which Plaintiff owned; (2) loss of inventory located at the Facility; (3) business interruption with resultant loss; and (4) loss of business due to Defendant's failure and refusal to pay the amounts provided under the Policy.

**ANSWER:    This Defendant denies Plaintiff's allegations contained in Paragraph 12 of Plaintiff's Complaint regarding loss of business due to Defendant's failure and refusal to pay the amounts provided under the Policy. This Defendant has insufficient information to admit or deny the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore, does not admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, but demands strict proof thereof.**

13.    Plaintiff notified Defendant of the Roof Collapse immediately upon its occurrence.  Plaintiff notified Defendant through Defendant's local agent, Richard T. Scodro.

**ANSWER:    This Defendant admits that Plaintiff notified Defendant through Defendant's local agent, Richard T. Scodro.  This Defendant has insufficient information to admit or deny the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint, and therefore, does not admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint, but demands strict proof thereof.**

14.    Plaintiff submitted to Defendant a sworn statement of loss not later than April 1, 2004.

**ANSWER:    This Defendant denies that Plaintiff submitted a proper proof of loss.**

15.    Plaintiff has supplied all information reasonably requested by Defendant.

**ANSWER:    This Defendant denies the allegations contained in Paragraph of 15 of Plaintiff's Complaint.**

16.    Plaintiff has supplied Defendant with thousands of pages of documents requested by Defendant to support its claim, often resubmitting the same documentation two or three times.

20021-JJO                                                    Case No. 08 CV 1738

**ANSWER:**    **This Defendant admits that Plaintiff has supplied Defendant with thousands of pages of documents often resubmitting the same documentation two or three times.  This Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.**

17.    Plaintiff, through its president and owner Vishnu Gor ("Mr. Gor"), has had numerous meetings with Gregory A. Crapanzano ("Mr. Crapanzano") and other representatives of Defendant.

**ANSWER:**    **This Defendant admits the allegations contained in Paragraph 17 of Plaintiff's Complaint.**

18.    Mr. Gor has undergone two days of sworn deposition testimony at the request of Defendant.

**ANSWER:**    **This Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.**

19.    Defendant has paid Plaintiff not more than $150,000 as a result of the Roof Collapse, which is a small fraction of Plaintiff's covered loss under the Policy.

**ANSWER:**    **This Defendant admits that it has paid Plaintiff not more than $150,000 as a result of the Roof Collapse.  This Defendant denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.**

20.    As a result of Defendant's wrongful refusal to pay the amount due under the Policy, Plaintiff was forced out of business with resulting and substantial additional loss.

**ANSWER:**    **This Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.**

### The Denial Letter

21.    In a letter dated March 12, 2007, signed by Mr. Crapanzano (the "Denial Letter"), Defendant advised Plaintiff that Defendant does "hereby deny coverage" under the Policy.  A true and correct copy of the Denial Letter, as received by Plaintiff, is attached hereto as Exhibit B.

Case 1:08-cv-01738    Document 12    Filed 05/05/2008    Page 6 of 8

20021-JJO                                                    Case No. 08 CV 1738

**ANSWER:    This Defendant admits that a true and correct copy of the Denial Letter is attached hereto as Exhibit "B" to Plaintiff's Complaint. This Defendant further states that the Denial Letter is a written instrument that speaks for itself, and therefore, this Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint to the extent they are not in accordance with the Denial Letter.**

22.    In the Denial Letter, Defendant states as the basis for its denial as follows: "[Plaintiff] has violated the foregoing provisions of the Policy by failing to give costs, values and amounts of the losses claimed; provide books and records for examination; provide a proof of loss containing information requested to investigate the claim; return signed examination answers; and cooperate in the investigation of the claim." These statements are false.

**ANSWER:    This Defendant states that the Denial Letter is a written instrument that speaks for itself, and therefore, this Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint to the extent they are not in accordance with the Denial Letter. This Defendant denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.**

23.    Also in the Denial Letter, which is dated two years and one week after the date of the Roof Collapse, Defendant cites a provision of the Policy stating that, "[N]o one may bring a legal action against ("Defendant") under this Covered Part unless … the action is brought within two years after the date on which the direct physical loss or damage occurred," and then states that "legal against [Defendant] is precluded because … the time to file suit has expired."

**ANSWER:    This Defendant states that the Denial Letter is a written instrument that speaks for itself, and therefore, this Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint to the extent they are not in accordance with the Denial Letter.**

24.    Defendant's claim of untimely filing of the instant action is false. Specifically, the Illinois Insurance Code, 215 ILCS 5/143.1, provides that any period of limitations in a policy such as the Policy is tolled from the date proof of loss is filed until the date the claim is denied in whole or in part.

20021-JJO                                                      Case No. 08 CV 1738

**ANSWER:**    **This Defendant states that the Illinois Insurance Code, 215 ILCS 5/143.1 is a written document that speaks for itself, and therefore, this Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint to the extent they are not in accordance with the Code. This Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.**

25.    Plaintiff demands trial by jury.

**ANSWER:**    **This Defendant makes no response to Paragraph 25 of Plaintiff's Complaint as no response is required.**

**WHEREFORE** the Defendant, SENECA INSURANCE COMPANY, INC., respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice and with costs, and/or such further relief as this Court deems just.

### AFFIRMATIVE DEFENSES

1.    **Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.**

2.    **Plaintiff did not and has not satisfied the Conditions of the Policy No. ESP 14 024 50, including, but not limited to, providing Defendant with proper documentation and a proper proof of loss as required by the Policy.**

s/       James J. O'Hagan                    .
James J. O'Hagan (ARDC No. 2094754)
Jamie L. Filipovic (ARDC No. 6278943)
O'Hagan Spencer, LLC
One E. Wacker Drive
Suite 3400
Chicago, Illinois  60601
Telephone: (312) 422-6100
Facsimile: (312) 422-6110
E-mail: johagan@ohaganspencer.com


ATTORNEYS FOR DEFENDANT
SENECA INSURANCE COMPANY, INC.

20021-JJO                                              Case No. 08 CV 1738

## CERTIFICATE OF SERVICE

     I hereby certify that on May 5, 2008, a copy of foregoing Defendant's, **Seneca Insurance Company, Inc.'s Answer to Plaintiff's Complaint,** was filed electronically and served by e-mail to all parties as shown on the attached Service List by operation of the Court's electronic filing on this 5th day of May, 2008. Parties may access this filing through the Court's CM/ECF System.

                          /s/ James J. O'Hagan
                          Attorney for Defendants

                          James J. O'Hagan (ARDC No. 2094754)
                          Jamie L. Filipovic (ARDC No. 6278943)
                          O'Hagan Spencer LLC
                          One E. Wacker Drive
                          Suite 3400
                          Chicago, Illinois 60601
                          Telephone: (312) 422-6100
                          Facsimile: (312) 422-6110

## SERVICE LIST

**Attorney for Plaintiff**
Timothy S. Harris
Reed Smith LLP
10 S. Wacker Dr., Ste. 4000
Chicago, IL 60606
PH: (312) 207-2420
FX: (312) 207-6400
tharris@reedsmith.com

**Melissa Martinez**

| | |
|---|---|
| **From:** | usdc_ecf_ilnd@ilnd.uscourts.gov |
| **Sent:** | Monday, May 05, 2008 3:47 PM |
| **To:** | ecfmail_ilnd@ilnd.uscourts.gov |
| **Subject:** | Activity in Case 1:08-cv-01738 VJ Compounding Corporation vs Seneca Insurance Company, Inc. answer to complaint |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

**United States District Court**

**Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3**

### Notice of Electronic Filing

The following transaction was entered by O'Hagan, James on 5/5/2008 at 3:46 PM CDT and filed on 5/5/2008
**Case Name:**       VJ Compounding Corporation vs Seneca Insurance Company, Inc.
**Case Number:**     1:08-cv-1738
**Filer:**           Seneca Insurance Company, Inc.
**Document Number:** 12

**Docket Text:**
**ANSWER to Complaint by Seneca Insurance Company, Inc.(O'Hagan, James)**

**1:08-cv-1738 Notice has been electronically mailed to:**

Timothy Scott Harris     tharris@reedsmith.com

James J. O'Hagan    johagan@ohaganspencer.com, mmartinez@ohaganspencer.com

**1:08-cv-1738 Notice has been delivered by other means to:**

Alexander Terras
Reed Smith LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=5/5/2008] [FileNumber=4762864-0]
[89f47958fec4da2559dd31ddbf2f7b0add880dab97e0c9bc10b54b8c5ba66c207812
5dcba9ac2280ef514b55e2b34ed73a4669fb43c2a77c48f2528202e52c52]]

5/7/2008

# EXHIBIT B

20021-JJO

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VJ COMPOUNDING CORPORATION, d/b/a<br>L. CARLTON MERTZ, CO., an Illinois<br>Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SENECA INSURANCE COMPANY, INC. a<br>subsidiary of SENECA INSURANCE GROUP,<br>INC. a Delaware Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  08 CV 1738<br><br>Judge Matthew Kennelly<br><br>Magistrate Judge Susan Cox |

## SENECA INSURANCE COMPANY, INC.'S ANSWERS TO PLAINTIFF'S FIRST SET OF REQUESTS TO ADMIT

**NOW COMES** the Defendant, Seneca Insurance Company, Inc., by and through its attorney's, O'Hagan Spencer LLC, and for its Answers to Plaintiff's First Set of Requests to Admit, Defendant states as follows:

### REQUESTS TO ADMIT

1.    Plaintiff is an Illinois corporation duly licensed to do business in the State of Illinois.

**Answer:**    **After reasonable inquiry, Defendant's knowledge of the allegations in Paragraph 1 is insufficient to admit or deny the allegations in Paragraph 1, and therefore, this Defendant cannot admit or deny the Request to Admit in Paragraph 1 and demands strict proof thereof.**

20021-JJO                                                    Case No. 08 CV 1738

2.      At the time of the Roof Collapse, Plaintiff was conducting business at 6147
West 65th Street, Bedford Park, Illinois, 60636, as a manufacturer of industrial cleaning
solutions.

**Answer:**      **Defendant admits the allegations contained in Request to Admit
Paragraph 2.**

3.      Plaintiff currently maintains its principal place of business at 9960 W. 191st
Street, Unit K, Mokena, Illinois, 60448.

**Answer:**      **After reasonable inquiry, Defendant's knowledge of the allegations in
Paragraph 3 is insufficient to admit or deny the allegations in Paragraph
3, and therefore, this Defendant cannot admit or deny the Request to
Admit in Paragraph 3 and demands strict proof thereof.**

4.      Defendant is a Delaware corporation with its principal place of business
located in New York, New York.

**Answer:**      **Defendant denies it is a Delaware Corporation and admits the
remaining allegations contained in the Request to Admit in Paragraph
4.**

5.      The parties are of diverse citizenship.

**Answer:**      **Defendant admits the allegations contained in the Request to Admit in
Paragraph 5.**

6.      The amount in controversy exceeds the sum of $75,000.00 exclusive of
interest and costs.

**Answer:**      **Defendant denies the allegations contained in the Request to Admit in
Paragraph 6.**

7.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

20021-JJO                                          Case No. 08 CV 1738

**Answer:**    Defendant denies the allegations contained in the Request to Admit in
              Paragraph 7.

8.    The claims forming the basis of this Complaint, or a significant portion

thereof, arose in that geographical area contained within the federal district known as

the Northern District of Illinois.

**Answer:**    Defendant admits the allegations contained in the Request to Admit in
              Paragraph 8.

9.    The parties in substantial part entered into the Policy in that geographical

area contained within the federal district known as the Northern District of Illinois.

**Answer:**    Defendant admits the allegations contained in the Request to Admit in
              Paragraph 9.

10.    The covered loss which created Defendant's liability under the Policy

occurred in that geographical area contained within the federal district known as the

Northern District of Illinois.

**Answer:**    Defendant admits that Plaintiff's loss occurred in that geographical area
              contained within the federal district known as the Northern District of
              Illinois and denies the remaining allegations contained in the Request
              to Admit in Paragraph 10.

11.    Defendant issued the Policy to Plaintiff.

**Answer:**    Defendant admits the allegations contained in the Request to Admit in
              Paragraph 11.

12.    The coverage provided in the Policy was in place effective October 1, 2003,

through October 1, 2004.

20021-JJO

**Answer:**    Defendant admits the allegations contained in the Request to Admit in Paragraph 12.

13.    A true and correct copy of the Policy is attached to the Complaint as Exhibit A.

**Answer:**    Defendant admits the allegations contained in the Request to Admit in Paragraph 13.

14.    Plaintiff was current on its premium obligations under the Policy at all times relevant to the claims made by Plaintiff in the Complaint.

**Answer:**    Defendant admits the allegations contained in the Request to Admit in Paragraph 14.

15.    Plaintiff satisfied all of its obligations and conditions under the Policy at all times relevant to the claims made by Plaintiff in the Complaint.

**Answer:**    Defendant denies the allegations contained in the Request to Admit in Paragraph 15.

16.    The Roof Collapse occurred on March 5, 2004.

**Answer:**    Defendant admits the allegations contained in the Request to Admit in Paragraph 16.

17.    The Roof Collapse was caused by wind and heavy rainfall.

**Answer:**    Defendant denies the allegations contained in the Request to Admit in Paragraph 17.

18.    The Roof Collapse is a covered loss under the terms of the Policy.

**Answer:**    Defendant denies the allegations contained in the Request to Admit in Paragraph 18.

20021-JJO

19.    Plaintiff was the fee simple owner of the Facility at the time of the Roof

Collapse.

**Answer:**    **After reasonable inquiry, Defendant's knowledge of the allegations in Paragraph 19 is insufficient to admit or deny the allegations in Paragraph 19, and therefore, this Defendant cannot admit or deny the Request to Admit in Paragraph 19 and demands strict proof thereof.**

20.    As a direct and proximate result of the Roof Collapse, Plaintiff incurred

losses relating to structural damage to the Facility.

**Answer:**    **Defendant admits the allegations contained in the Request to Admit in Paragraph 20.**

21.    As a direct and proximate result of the Roof Collapse, Plaintiff incurred

losses relating to loss of inventory located at the Facility.

**Answer:**    **Defendant admits the allegations contained in the Request to Admit in Paragraph 21.**

22.    As a direct and proximate result of the Roof Collapse, Plaintiff incurred

losses relating to business interruption with resultant loss.

**Answer:**    **Defendant admits the allegations contained in Request to Admit Paragraph 22.**

23.    As a direct and proximate result of the Roof Collapse, Plaintiff incurred

losses relating to loss of business due to Defendant's failure and refusal to pay the

amounts provided under the Policy.

**Answer:**    **Defendant denies the allegations contained in the Request to Admit in Paragraph 23.**

20021-JJO                                                   Case No. 08 CV 1738

24.    Plaintiff notified Defendant of the Roof Collapse immediately upon its

occurrence.

**Answer:**    **Defendant admits the allegations contained in the Request to Admit in**
**Paragraph 24.**

25.    Plaintiff notified Defendant of the Roof Collapse through Defendant's

local agent, Richard T. Scodro.

**Answer:**    **Defendant admits that Richard T. Scodro, a broker, was notified and**
**denies all other remaining allegations contained in the Request to**
**Admit in Paragraph 25.**

26.    Plaintiff submitted to Defendant a sworn statement of loss not later than

April 1, 2004.

**Answer:**    **Defendant admits Plaintiff submitted the attached proofs of loss dated**
**April 1, 2004, exhibit 103, dated December 8, 2004, exhibit 102, and dated**
**December 7, 2005, exhibit 100.**

27.    Plaintiff has supplied all information relating to the Roof Collapse

reasonably requested by Defendant.

**Answer:**    **Defendant denies the allegations contained in the Request to Admit in**
**Paragraph 27.**

28.    Plaintiff has supplied Defendant with thousands of pages of documents

requested by Defendant to support its claim relating to the Roof Collapse.

**Answer:**    **Defendant denies the allegations contained in Request to the Admit in**
**Paragraph 28.**

20021-JJO

29.    Plaintiff, at the request of Defendant, has often resubmitting (sic) two or three times the same documentation in support of its claim relating to the Roof Collapse.

**Answer:**    **Defendant admits the duplication of documentation, but denies that it supports any loss in addition to what has been paid.  Defendant denies the remaining allegations contained in the Request to Admit in Paragraph 29.**

30.    Plaintiff, through its president and owner, Mr. Gor, has had numerous meetings with Mr. Crapanzano and other representatives of Defendant.

**Answer:**    **Defendant admits the allegations contained in Request to Admit Paragraph 30.**

31.    Mr. Gor has undergone two days of sworn deposition testimony at the request of Defendant.

**Answer:**    **Defendant admits the allegations contained in Request to Admit Paragraph 31.**

32.    Defendant has paid Plaintiff not more that $150,000 as a result of the Roof Collapse.

**Answer:**    **Defendant admits the allegations contained in Request to Admit Paragraph 32.**

33.    The amount paid by Defendant to Plaintiff to date is a small fraction of Plaintiff's covered loss under the Policy.

**Answer:**    **Defendant denies the allegations contained in Request to Admit Paragraph 33.**

20021-JJO

34.    As a result of Defendant's wrongful refusal to pay the amount due under the Policy, Plaintiff was forced out of business with resulting and substantial additional loss.

**Answer:**    **Defendant denies the allegations contained in Request to Admit Paragraph 34.**

35.    A true and correct copy of the Denial Letter is attached to the Complaint as Exhibit B.

**Answer:**    **Defendant admits the allegations contained in Request to Admit Paragraph 35.**

36.    In signing and sending to Plaintiff the Denial Letter, Mr. Crapanzano was acting as Defendant's authorized representative.

**Answer:**    **Defendant admits the allegations contained in Request to Admit Paragraph 36.**

37.    In the Denial Letter, Defendant advised Plaintiff the Defendant does "hereby deny coverage" under the Policy.

**Answer:**    **Defendant admits the allegations contained in Request to Admit Paragraph 37.**

38.    In the Denial Letter, Defendant states as the basis for its denial as follows: "[Plaintiff] has violated the foregoing provisions of the Policy by failing to give costs, values and amounts of the losses claimed; provide books and records for examination; provide a proof of loss containing information requested to investigate the claim; return signed examination answers; and cooperate in the investigation of the claim."

20021-JJO                                        Case No. 08 CV 1738

**Answer:**     Defendant admits the allegations contained in Request to Admit
                Paragraph 38.

39.    The statements made by Defendant as quoted in the preceding Request to
Admit are false.

**Answer:**     Defendant denies the allegations contained in Request to Admit
                Paragraph 39.

40.    Also in the Denial Letter, which is dated two years and one week after the
date of the Roof Collapse, Defendant cites a provision of the Policy stating that, "[N]o
one may bring a legal action against ("Defendant") under this Covered Part unless …
the action is brought within two years after the date on which the direct physical loss or
damage occurred," and then states that "legal against [Defendant] is precluded because
… the time to file suit has expired."

**Answer:**     Defendant admits the allegations contained in Request to Admit
                Paragraph 40.

41.    The Illinois Insurance Code, 215 ILCS 5/143.1, provides that any period of
limitations in a policy such as the Policy is tolled from the date proof of loss is filed until
the date the claim is denied in whole or in part.

**Answer:**     Defendant admits the allegations contained in Request to Admit
                Paragraph 41.

42.    Defendant's assertion as contained in the Denial Letter that Plaintiff's
right to bring suit on the Policy as of the date of the Denial Letter was false.

20021-JJO

**Answer:**    Defendant denies the allegations contained in Request to Admit Paragraph 42.

_signature_

Melvin Funk
Vice President of Property Claims
Seneca Insurance Company Inc.
160 Water Street, 16th Floor
New York, N.Y. 10038

Dated: _June 5, 2008_

M1

EXHIBIT
100
5/8/06

## SWORN STATEMENT IN PROOF OF LOSS

$ 2,500,000
AMOUNT OF POLICY AT TIME OF LOSS

Oct. 1, 2003
DATE ISSUED

Oct. 1, 2004
DATE EXPIRES

POLICY NUMBER: ESP 14 024 50

AGENCY AT: RBN & Assoc.

AGENT: Richard T. Scodro

To the _Seneca Insurance Company, Inc._

of _New York, New York_

At time of loss, by the above indicated policy of insurance you insured _V.J. Compounding d/b/a L. Carlton Mertz Co._

against loss by _"Special Form", see policy_ to the property described under Schedule "A," according to the terms and conditions of the said policy and all forms, endorsements, transfers and assignments attached thereto.

1. **Time and Origin:** A _property damage and business income_ loss occurred about the hour of **4:30** o'clock **A.** M.,
STATE KIND _extra expense_
on the **5** day of _March_ 2003. The cause and origin of the said loss were: _partial roof collapse leading to water damage_

2. **Occupancy:** The building described, or containing the property described, was occupied at the time of loss as follows, and for no other purpose whatever:
_contract packaging operations_

3. **Title and Interest:** At the time of the loss the interest of your insured in the property described therein was _lessee_
No other person or persons had any interest therein or incumbrance thereon,
except: _Ravi Corporation, as Lessor_

4. **Changes:** Since the said policy was issued there has been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure of the property described, except: _contract packaging operations ceased on November 30, 2004._

5. **Total Insurance:** The total amount of insurance upon the property described by this policy was, at the time of the loss, $ 2,500,000 as more particularly specified in the apportionment attached under Schedule "C," besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

6. The Actual Cash Value of said property at the time of the loss was ......... $ _____

7. The Whole Loss and Damage was ......... $ 2,100,000.00

8. Less Amount of Deductible ......... $ 5,000.00

9. The Amount Claimed under the above numbered policy is ......... $ 1,666,000.00

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of proofs by a representative of the above Insurance company is not a waiver of any of its rights.

State of _ILLINOIS_

County of _DUPAGE_

_V.J Compounding d/b/a L. Carlton Me_

BY: _Vishnu Gov_ Insured

Subscribed and sworn to before me this _7th_ day of _DECEMBER_ 20 05

_Cathy S. Brown_ Notary Public

"OFFICIAL SEAL"
CATHY S. BROWN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6/13/2009

"Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime."

(OVER)

# SWORN STATEMENT IN PROOF OF LOSS

$ _2,500,000_
AMOUNT OF POLICY AT TIME OF LOSS

_Oct. 1, 2003_
DATE ISSUED

_Oct. 1, 2004_
DATE EXPIRES

ESP _14 024 50_
POLICY NUMBER

_RBN & Ass._
AGENCY AT

_RICHARD T. SCODRO_
AGENT

To the _SENECA INSURANCE CO. INC. NEW YORK, N.Y._
of
At time of loss, by the above indicated policy of insurance you insured
_VI Compounding_ DBA _L. CARLTON MERTZ Co_    to the property described under Schedule "A," according to the
against loss by _"SPECIAL FORM SEE POLICY"_
terms and conditions of the said policy and all forms, endorsements, transfers and assignments attached thereto, loss occurred about the hour of    _6_    o'clock    _A_ M.,

1. Time and Origin: A _PROP. DAMAGE  Bus. Loss income loss_    *extra expenses*
STATE KIND    The cause and origin of the said loss were    _PARTIAL ROOF COLLAPSE_
on the _5th_ day of _2004_
_LEADING TO WATER DAMAGES_

2. Occupancy: The building described, or containing the property described, was occupied at the time of loss as follows, and for no other purpose whatever:
_CONTRACT  PACKAGING  OPERATIONS_

3. Title and Interest: At the time of the loss the interest of your insured in the property described therein was    _Lessee Lessee_
No other person or persons had any interest therein or incumbrance thereon,
except _RAVI CORP. TASR Lessor_

4. Changes: Since the said policy was issued there has been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure
of the property described, except    _CONTRACT  PACKAGING  OPERATIONS  CEASED ON_
_Oct. 1, 2004_  Nov. 30, 2004

5. Total Insurance: The total amount of insurance upon the property described by this policy was, at the time of the loss, $ _2,500,000_
as more particularly specified in the apportionment attached under Schedule "C," besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

6. The Actual Cash Value of said property at the time of the loss was    $ _TO BE DETERMINE_

7. The Whole Loss and Damage was    _TO DATE_    $ _1,094 751_

8. Less Amount of Deductible    $ _5000_

9. The Amount Claimed under the above numbered policy is    _TO DATE_    $ _1,089,751_

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of any of its rights.

_L. CARLTON MERTZ Co._

State of _Ill_
County of _Cook_

BY: _Vishnu Dev_    Insured

Subscribed and sworn to before me this    _8th_    day of _December_ 20 _04_

_Karen Kernba_    Notary Public

"Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime."

"OFFICIAL SEAL"
KAREN KERNBAUER
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 05/15/2008

(OVER)

EXHIBIT
tabbies _102_
_5/8/06_

**EXHIBIT**

tabbies®    103

# SWORN STATEMENT IN PROOF OF LOSS

| | |
|---|---|
| $ 2,500,000.00 | **SENECA INSURANCE COMPANY, INC.** |
| AMOUNT OF POLICY AT TIME OF LOSS | **160 WATER STREET, 16TH FLOOR** |
| 10/01/2003 | **NEW YORK, NY 10038** |
| DATE ISSUED | Claim #: |
| 10/01/2004 | 4CCN031 |
| DATE EXPIRES | |

ESP 14 024 50
POLICY NUMBER

Chicago, IL
AGENCY AT

Travis-Pedersen
AGENT

To the    Seneca Insurance Company

of    160 Water Street, NY, NY 10038

At time of loss, by the above indicated policy of insurance you insured    **VJ Compounding, Inc d/b/a L. Carlton Mertz. Co., and Ravi Col**

6147 West 65th Street, Chicago, Il 60638

to the property described under Schedule "A," according to the

against loss by    Collapse

terms and conditions of the said policy and all forms, endorsements, transfers and assignments attached thereto.

1.  **Time and Origin:**  A    Collapse    loss occurred about the hour of _____ o'clock ____ M.,

STATE KIND

on the  03  day of    March    2004 . The cause and origin of the said loss were:    Collapse

2.  **Occupancy:**  The building described, or containing the property described, was occupied at the time of loss as follows, and for no other purpose whatever:

Manufacturing Facility

3.  **Title and Interest:**  At the time of the loss the interest of your insured in the property described therein was

Owner    No other person or persons had any interest therein or incumbrance thereon,

except:    None

4.  **Changes:**  Since the said policy was issued there has been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure

of the property described, except:    None

5.  **Total Insurance:**  The total amount of insurance upon the property described by this policy was, at the time of the loss, $    2,500,000.00

as more particularly specified in the apportionment attached under Schedule "C," besides which there was no policy or other contract of insurance, written or oral, valid or

invalid.

6.  The **Actual Cash Value** of said property at the time of the loss was    $ _____

7.  The **Whole Loss and Damage** was    $ _____

8.  **Less Amount of Deductible**    $ _____

9.  The **Amount Claimed** under the above numbered policy is    Advance for building shoring and stabilization    $ 15,000.00

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of any of its rights.

*Vishnu Gav*

State of _____

BY: *VISHNU GAR  4/01/04*    Insured

County of _____

Subscribed and sworn to before me this _____ day of _____ 20 _____

_____
Notary Public

*witnessed by Gregory A. Capomero*

"Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime."

(OVER)

## SWORN STATEMENT IN PROOF OF LOSS

| | | |
|---|---|---|
| $ 2,500,000.00 | **SENECA INSURANCE COMPANY, INC.** | ESP 14 024 50 |
| AMOUNT OF POLICY AT TIME OF LOSS | **160 WATER STREET, 16TH FLOOR** | POLICY NUMBER |
| 10/01/2003 | **NEW YORK, NY 10038** | Chicago, IL |
| DATE ISSUED | Claim #: | AGENCY AT |
| 10/01/2004 | 4CCN031 | Travis-Pedersen |
| DATE EXPIRES | | AGENT |

To the    Seneca Insurance Company

of    160 Water Street, NY, NY 10038

At time of loss, by the above indicated policy of insurance you insured

VJ Compounding, Inc d/b/a L. Carlton Mertz. Co., and Ravi Coi

6147 West 65th Street, Chicago, Il 60638

against loss by    Collapse    to the property described under Schedule "A," according to the terms and conditions of the said policy and all forms, endorsements, transfers and assignments attached thereto.

1. **Time and Origin:** A    Collapse    loss occurred about the hour of    _____ o'clock    ____ M.,
STATE KIND

on the 03 day of    March    2004 . The cause and origin of the said loss were:    Collapse

2. **Occupancy:** The building described, or containing the property described, was occupied at the time of loss as follows, and for no other purpose whatever:

Manufacturing Facility

3. **Title and Interest:** At the time of the loss the interest of your insured in the property described therein was
Owner    No other person or persons had any interest therein or incumbrance thereon,
except:    None

4. **Changes:** Since the said policy was issued there has been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure of the property described, except:    None

5. **Total Insurance:** The total amount of insurance upon the property described by this policy was, at the time of the loss, $    2,500,000.00
as more particularly specified in the apportionment attached under Schedule "C," besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

6. **The Actual Cash Value** of said property at the time of the loss was    $

7. **The Whole Loss and Damage** was    $

8. **Less Amount of Deductible**    $

9. **The Amount Claimed** under the above numbered policy is    Advance payment for BI & EE Loss    $ 50,000.00

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of _____

County of _____

BY: *Vishnu Gor* 4/01/04    Insured

Subscribed and sworn to before me this    _____ day of _____ 20 _____

_____ Notary Public

*Witnessed by Gregory A. Craponzano*

"Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime."

(OVER)