File No. 20021-JJO                                                      Case No. 08 C 1738

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VJ COMPOUNDING CORPORATION, d/b/a L. CARLTON MERTZ, CO., an Illinois Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 CV 1738 |
| v. | ) ) | Judge Matthew Kennelly |
| SENECA INSURANCE COMPANY, INC. a subsidiary of SENECA INSURANCE GROUP, INC. a Delaware Corporation, | ) ) ) ) | Magistrate Judge Susan Cox |
| Defendant. | ) | |

**DEFENDANT'S SECOND AMENDED AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, Seneca Insurance Company, Inc., by and through its attorneys, O'Hagan Spencer LLC, for its Second Amended Affirmative Defenses to the Plaintiff's Complaint at Law, states as follows:

**SECOND AMENDED AFFIRMATIVE DEFENSES**

1.  Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted in Illinois for the following:

    a.  There is no claim for bad faith tort action under the Illinois common law and/or 215 ILCS 5/155.

    b.  'Going out of business' is not a covered loss under the Policy;

    c.  There are no damages claimed in excess of the amount paid to date by Insurer.

2.  Plaintiff failed to mitigate damages pursuant to the Policy by undue delay and failure to shore the property, clean up the building and alleged damage and allowed the building to be shut-down by the Building Department by failing to clean up and

File No. 20021-JJO                                                                Case No. 08 C 1738

remedy the condition of the building and other damage.

      3.      Plaintiff did not and has not satisfied the Conditions of the Policy No. ESP 14 024 50, including, but not limited to, The Common Policy Conditions Form contained in the Policy, which provides, in pertinent part, that:

> All Coverage Parts included in this policy are subject to the following conditions.
>
>         \*   \*   \*
>
> **C.  Examination Of Your Books And Records**
>
> We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

The Building and Personal Property Coverage Form contained in the Policy provides, in pertinent part, that:

> **E.  LOSS CONDITIONS**
>
> The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.
>
>         \*   \*   \*
>
> **3.    Duties In The Event Of Loss Or Damage**
>
>     **a.**    You must see that the following are done in the event of loss or damage to Covered Property:
>
>         \*   \*   \*
>
>     **(5)**    At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.
>
>     **(6)**    As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.
>
>         Also permit us to take samples of damaged and

File No. 20021-JJO                                                            Case No. 08 C 1738

        undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

    **(7)**    Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

    **(8)**    Cooperate with us in the investigation or settlement of the claim.

  **b.**    We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records.

The Policy's Business Income (And Extra Expense) Coverage Form, provides, in pertinent part, that:

\*   \*   \*

  **C. Loss Conditions**

The following conditions in addition to the Common Policy Conditions and the Commercial Property Conditions

\*   \*   \*

  **2. Duties In The Event Of Loss**

  **a.**  You must see that the following are done in the event of loss:

\*   \*   \*

  **(5)**  As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

File No. 20021-JJO                                                                 Case No. 08 C 1738

>  **(6)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.
>
> **(7)** Cooperate with us in the investigation or settlement of the claim.
>
> \* \* \*
>
> **b.** We may examine any insured under oath, while not in the presence of any other insured and as such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

VJ Compounding has violated the foregoing provisions of the Policy by failing to give costs, values and amounts of the losses claimed; provide books and records for examination; provide a proof of loss containing information requested to investigate the claim; return signed examination answers; and cooperate in the investigation of the claim.

4.  The roof collapse was caused by obvious rust and decay of which the Insured had prior notice and failed to maintain. Plaintiff made prior attempts to repair the roof, but the repairs were not done in the areas where the collapse occurred. Such rust and decay is excluded from coverage by the Policy, which states:

> B. Exclusions
>
> 2.  We will not pay for loss or damage caused by or resulting from any of the following:
>
> d.  (1) wear and tear;
> (2) Rust and other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

4.  Plaintiff has knowingly submitted fraudulent claims with intent to defraud Seneca, and has submitted documentation and checks to Defendant to support his fraudulent claim, and/or was otherwise fraudulent in the following ways:

    a.  The insured submitted $15,500 for eyewash for the temporary

      location, but no evidence that eye wash was in original location and/or was lost in the roof collapse.

- b. The insured submitted claims for fixing the sump pump and drains, but admitted at his March 9, 2005 Examination Under Oath that the sewer was plugged before the loss and was full prior to the loss.

- c. The insured submitted loss for thousands of dollars in lost goods and inventory, but was unable to substantiate that lost goods submitted were damaged in the roof collapse and some claimed lost goods were not in area where loss occurred.

- d. The insured submitted claims for electrical work, which he admitted at his March 9, 2005 EUO was not a part of the loss and had already made a prior insurance claim for the electrical breakdown.

- e. The insured submitted claims for AT & T phone bills, which he admitted at his March 9, 2005 EUO was not a part of the loss.

- f. The Insured submitted three separate proofs of losses, attached as Group Exhibit A are exhibits 100, 102 and 103, all of which claimed different amounts for the loss.

- g. The insured submitted claims with checks to Rudy Milo without supporting documentation for all amounts paid to Milo and could not be specific about over $18,000 paid to Milo and submitted as claims.

- h. The Insured submitted bills from Beaver Oil for removal of totes of liquid as part of its claim, but admitted at his March 10, 2005 EUO that the totes of liquid existed prior to the loss.

- i. The Insured submitted claims for tires for the Caterpillar, but testified at his March 10, 2005 EUO that he could not say the tires were damages in the loss.

- j. The Insured submitted as part of claim, 35 pounds of material in Silo and removal and replacement of Silo without documentation of material and costs of material in Silo at time of loss and failure to acknowledge that if Silo cleaned out, there was no need to submit a claim to replace Silo.

- k. Submitted claims for total work done by contractor to fix the roof, William H Cooper, which includes water leaks and other roof

File No. 20021-JJO                                                                                           Case No. 08 C 1738

      repairs unrelated to the loss.

l.     The insured submitted numerous checks allegedly paid to William H Cooper without supporting invoices, some of which had never been cashed by William H Cooper.

m.    The insured submitted numerous checks written to cash and to Vishnu Gor, which are unsubstantiated and unsupported by invoice or other explanation of what payments for.

n.    Or was otherwise fraudulent in submitting claims and proofs of claims, which were unrelated to the loss.

**WHEREFORE** the Defendant, SENECA INSURANCE COMPANY, INC., respectfully requests that this Honorable Court enter an Order in its favor and against the Plaintiff, VJ COMPOUNDING CORPORATION, d/b/a L. CARLTON MERTZ, CO., an Illinois Corporation, denying and dismissing its Complaint at Law.

Dated: July 25, 2008

                Respectfully Submitted:

                **SENECA INSURANCE COMPANY**

                By: s/    James J. O'Hagan
                James J. O'Hagan (ARDC No. 2094754)
                Jamie L. Filipovic (ARDC No. 6278943)
                O'Hagan Spencer, LLC
                One E. Wacker Drive, Suite 3400
                Chicago, Illinois 60601
                Telephone: (312) 422-6100
                Facsimile: (312) 422-6110
                E-mail: johagan@ohaganspencer.com
                        jfilipovic@ohaganspencer.com

                ATTORNEYS FOR DEFENDANT
                SENECA INSURANCE COMPANY, INC.

File No. 20021-JJO                                                                                          Case No. 08 C 1738

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 25, 2008, a copy of foregoing **Defendant's Second Amended Affirmative Defenses,** were filed electronically and served by e-mail to all parties as shown on the attached Service List by operation of the Court's electronic filing. Parties may access this filing through the Court's CM/ECF System.

      /s/ James J. O'Hagan_____
Attorney for Defendants
James J. O'Hagan (ARDC No. 2094754)
Jamie L. Filipovic (ARDC No. 6278943)
O'Hagan Spencer, LLC
One E. Wacker Drive, Suite 3400
Chicago, Illinois  60601
Telephone: (312) 422-6100
Facsimile:  (312) 422-6110
E-mail: johagan@ohaganspencer.com
        jfilipovic@ohaganspencer.com


ATTORNEYS FOR DEFENDANT
SENECA INSURANCE COMPANY, INC.